IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

YARTO INTERNATIONAL GROUP, L.P., §
YARTO INTERNATIONAL TRADING §
COMPANY, L.P., ROBERT YARTO, and §
STEVE WINKLER, §
 §
 Plaintiffs, §
 § Civil Action No. 3:07-CV-0054-L
v. §
 §
WASHINGTON EXPORT, L.L.C., et al., §
 §
 Defendants. §

## MEMORANDUM OPINION AND ORDER

Before the court are: Motion to Dismiss or Alternatively to Transfer Venue of Defendants Washington Export, L.L.C., Jeff Lublin, and Javier Munguia (sometimes collectively referred to as the "WashEx Motions"), filed on February 5, 2007 (Docket # 112); and Defendants Evans Fruit Co., 11 R Sales, Inc. and Borton & Sons, Inc.'s Rule 12(b)(1) and 12(b)(3) Motion to Dismiss, Motion to Dismiss for Forum Non Conveniens and Alternative Motion to Transfer Venue (sometimes collectively referred to as the "Evans Motions"), filed on February 5, 2007 (Docket # 115).

Pursuant to 28 U.S.C. §636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for pretrial management on February 27, 2007. The Findings, Conclusions, and Recommendation of the Magistrate Judge (the "Report") was filed April 27, 2007. No objections have been filed.

## I. Analysis

The magistrate judge recommended that the district court grant in part and deny in part the WashEx Motions and the Evans Motions. Specifically, the magistrate judge recommended that the court grant: (i) Washington Export, L.L.C., Jeff Lublin, and Javier Munguia's Motion to Transfer Venue and (ii) Defendants Evans Fruit Co., 11 R Sales, Inc. and Borton & Sons, Inc.'s Motion to Transfer Venue; and deny as moot all remaining motions.

In support of his recommendation that the court grant: (i) Washington Export, L.L.C., Jeff Lublin, and Javier Munguia's Motion to Transfer Venue and (ii) Defendants Evans Fruit Co., 11 R Sales, Inc. and Borton & Sons, Inc.'s Motion to Transfer Venue, the magistrate judge, after carefully considering the relevant factors under 28 U.S.C. § 1404(a), concluded that "Defendants have met their burden to show that a transfer to the Eastern District of Washington is warranted pursuant to 28 U.S.C. § 1404(a) 'for the convenience of the parties and witnesses and in the interest of justice.'" Report at 21.

In support of his recommendation that the district court deny as moot: (i) Washington Export, L.L.C., Jeff Lublin, and Javier Munguia's alternative motions to dismiss for lack of subject matter jurisdiction, improper venue and forum non conveniens, and (ii) Defendants Evans Fruit Co., 11 R Sales, Inc. and Borton & Sons, Inc.'s alternative motions to dismiss for lack of subject matter jurisdiction, improper venue and forum non conveniens, the magistrate judge concluded that his recommendation to the district court to "grant Defendants' venue transfer motions pursuant to 28 U.S.C. § 1404(a) pretermits any need for the Court to consider Defendants' motions to dismiss for improper venue under Rules 12(b)(1), 12(b)(3), and 28 U.S.C. § 1406(a)." *Id.*

Having reviewed the pleadings, file and record in this case, and the findings and conclusions of the magistrate judge, the court **accepts in part and rejects in part** the magistrate judge's findings and conclusions. Specifically, as to the magistrate judge's recommendation that the court grant: (i) Washington Export, L.L.C., Jeff Lublin, and Javier Munguia's Motion to Transfer Venue and (ii) Defendants Evans Fruit Co., 11 R Sales, Inc. and Borton & Sons, Inc.'s Motion to Transfer Venue, the court determines that the findings and conclusions are correct, and that a transfer of venue to the Eastern District of Washington is warranted pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses and in the interest of justice. Accordingly, the court **accepts** the findings and conclusions of the magistrate judge recommending that the court grant the above-referenced motions to transfer venue.

Further, as to the magistrate judge's recommendation that the court deny as moot (i) Washington Export, L.L.C., Jeff Lublin, and Javier Munguia's alternative motions to dismiss for improper venue and forum non conveniens, and (ii) Defendants Evans Fruit Co., 11 R Sales, Inc. and Borton & Sons, Inc.'s alternative motions to dismiss for improper venue and forum non conveniens, the court determines that the magistrate judge's findings and conclusions are also correct, since the court's decision to transfer venue pretermits any need to address these motions. Accordingly, the court **accepts** the magistrate judge's findings and recommendation that the above-referenced alternative motions to dismiss for improper venue and forum non conveniens be denied as moot.

With respect to the magistrate judge's recommendation the court also deny as moot: (i) Washington Export, L.L.C., Jeff Lublin, and Javier Munguia's motion to dismiss for lack of subject matter jurisdiction and (ii) Defendants Evans Fruit Co., 11 R Sales, Inc. and Borton & Sons, Inc.'s

motion to dismiss for lack of subject matter jurisdiction, the court **rejects** the magistrate judge's recommendation. The decision to transfer venue pursuant to 28 U.S.C. § 1404(a) "for the convenience of the parties and witnesses and in the interest of justice" does not pretermit a court's need to analyze a challenge to its subject matter jurisdiction, however ill-founded it may be. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Otherwise stated, were the court to lack subject matter jurisdiction over this case, dismissal would be appropriate, and the court would be without power to order a transfer of venue to the Eastern District of Washington. Accordingly, prior to considering whether venue transfer is warranted, it is incumbent upon the court to address the challenge to its subject matter jurisdiction.

Defendants contend that the court lacks subject matter jurisdiction because, pursuant to the parties' various contractual agreements, the sole and exclusive venue for Plaintiffs' claims lies in Yakima County Superior Court in the State of Washington. This argument is misplaced, as the forum selection clause relates to *where* an action will be tried, not *whether* a federal district court has the statutory or constitutional power to adjudicate a claim.

In any event, the court determines that it has subject matter jurisdiction over this dispute. In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in

the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljesejskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir.), *cert. denied*, 534 U.S. 1127 (2002). Plaintiffs invoke this court's subject matter jurisdiction: (1) under 28 U.S.C. § 1332 because complete diversity exists between Plaintiffs and Defendants and the amount in controversy exceeds $75,000; (2) under 28 U.S.C. § 1337 because the claims involve an Act of Congress, namely, the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. § 499, *et seq.*; and (3) under 28 U.S.C. § 1331 because the case involves a federal question. See Plaintiffs' Amended Complaint ¶ 25. Plaintiffs and Defendants do *not* dispute that the amount in controversy is well above the requisite statutory minimum to give this court subject matter jurisdiction and that complete diversity exists. The court, therefore, has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and need not consider other possible bases for its jurisdiction. Accordingly, Defendants Washington Export, L.L.C., Jeff Lublin, and Javier Munguia's motion to dismiss for lack of subject matter jurisdiction and Defendants Evans Fruit Co., 11 R Sales, Inc. and Borton & Sons, Inc.'s motion to dismiss for lack of subject matter jurisdiction should be denied.

**II.     Conclusion**

For the reasons stated herein, the court: **grants** Washington Export, L.L.C., Jeff Lublin, and Javier Munguia's Motion to Transfer Venue; **grants** Defendants Evans Fruit Co., 11 R Sales, Inc. and Borton & Sons, Inc.'s Motion to Transfer Venue; **denies as moot** Washington Export, L.L.C., Jeff Lublin, and Javier Munguia's Motion to Dismiss for Improper Venue and Forum Non Conveniens; **denies as moot** Defendants Evans Fruit Co., 11 R Sales, Inc. and Borton & Sons, Inc.'s Motion to Dismiss for Improper Venue and Forum Non Conveniens; **denies** Washington Export, L.L.C., Jeff Lublin, and Javier Munguia's Motion to Dismiss for Lack of Subject Matter

Jurisdiction; and **denies** Defendants Evans Fruit Co., 11 R Sales, Inc. and Borton & Sons, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction. The clerk of court **shall effect** the transfer of this action to the United States District Court for the Eastern District of Washington in accordance with the usual procedure.

    **It is so ordered** this 31st day of July, 2007.

                                                              Sam A. Lindsay
                                                          United States District Judge